JUSTICE LEAPHART and JUSTICE NELSON,
specially concurring.
We specially concur in the decision of the Court. In quoting Daniel R. Mandelker, The Role of the Local Comprehensive Plan in Land Use Regulation, 74 Mich. L. Rev. 899, 946 (1976), the Court recognizes that, if the comprehensive plan can be amended piecemeal, the plan as a *501 comprehensive statement of community planning may be diluted and the planning process may be abused. The present case presents a situation in which the party opposing the piecemeal amendment is a corporate entity which owns a cement plant and has, in the past, engendered public disfavor by proposing the burning of hazardous waste. Resolution of the legal issue presented, however, does not hinge upon whether the proponent is wearing a black or white hat. If, as respondents contend, we approve the piecemeal amendment of a comprehensive master plan through the adoption of inconsistent local vicinity plans, we would establish a very dangerous precedent. An influential special interest or corporate entity could, for example, utilize the local vicinity plan, piecemeal amendment process to establish a feedlot in an area previously designated by the comprehensive master plan as “residential.”
Although the law allows for the amendment of comprehensive master plans, it does not envision piecemeal amendment or partial repeal through the adoption of junior documents which are inconsistent with the “master” plan. The sort of “comprehensive plan” at issue here is, in truth, the very antithesis of that which is contemplated by Montana’s planning laws. It invites avoidance of what the law requires — a well thought out, long range, detailed and comprehensive planning document that takes into consideration past, present and anticipated land uses throughout the jurisdiction and which is debated and adopted in an atmosphere that is free, to the extent possible, from the influence of special interests and political expedience.
If the sort of “comprehensive planning” that is at issue here is lawful, then there is nothing to prevent a local government from adopting a “master plan” that is, as a practical matter, meaningless in its generality and then allowing the “plan” to be fleshed out via a crazy quilt of local “amendments” and partial repeals which, if history is any guide, will reflect, not the beneficial criteria and high purposes specified in § 76-1-102, MCA, but, rather, the alliance of special interest, money and politics.
Assuming that this local vicinity plan amends the master plan, what is the status when the next inconsistent local vicinity plan is adopted? Does LVP number two take precedence over the master plan and LVP number one? If the “master” plan is to be truly comprehensive, then its provisions, and its amendments, must be adopted from the top down, with an eye on the big picture. The master plan is no longer “comprehensive” when it is amended through adoption of inconsistent provisions in one or more local vicinity plans.